# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHEILA HUDSPEATH | CIVIL ACTION |
| VERSUS | NO. 23-5755 |
| USAA CASUALTY INSURANCE COMPANY | SECTION "O" |

## ORDER

Before the Court is the Federal Rule of Civil Procedure 12(b)(6) motion[1] of Defendant USAA Casualty Insurance Company ("USAA CIC") to dismiss the breach-of-insurance-contract claims and the statutory bad-faith claims that Plaintiff Sheila Hudspeath asserts against it. USAA CIC contends that Hudspeath fails to state any claims against it because the insurance policy referenced in her petition and central to her claims confirms that USAA CIC is not Hudspeath's insurer. USAA CIC's motion to dismiss was noticed for submission on January 10, 2024;[2] Hudspeath's response was thus due on January 2, 2024. *See* LOCAL CIVIL RULE 7.5. Over eight months have passed, and Hudspeath has failed to file a response. The Court therefore considers the motion to dismiss unopposed.

This dispute arises from Hudspeath's claim that USAA CIC failed to timely and adequately pay her the proceeds due under Policy No. GAR04258206790A (the "Policy") for damage her property in Marrero, Louisiana suffered during Hurricane Ida.[3] Hudspeath sued USAA CIC in state court, alleging that USAA CIC (1) breached

---

[1] ECF No. 8.
[2] ECF No. 8-3.
[3] *See generally* ECF No. 1-1.

the Policy[4] and (2) violated statutory duties outlined by Sections 22:1892 and 22:1973 of the Louisiana Revised Statutes.[5]

USAA CIC removed this case based on diversity jurisdiction.[6] *See* 28 U.S.C. § 1332(a)(1). USAA CIC now moves to dismiss Hudspeath's claims, arguing that she fails to state claims against it because the Policy was issued by another entity, Garrison Property and Casualty Insurance Company, and not USAA CIC.[7]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In its Rule 12(b)(6) review, the Court "accept[s] all well-pleaded facts as true and construe[s] the allegations in the light most favorable to the plaintiff." *Lewis v. Danos*, 83 F.4th 948, 953 (5th Cir. 2023) (citing *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020)).

The Court also "may consider 'any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.'" *PHI Grp., Inc. v. Zurich Am. Ins. Co.*, 58 F.4th 838, 841 (5th Cir. 2023) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)). Here, the Court

---

[4] *Id.* at ¶¶ 22–26.
[5] *Id.* at ¶¶ 27–36.
[6] ECF No. 1.
[7] ECF No. 8.

considers the Policy because it is attached to USAA CIC's motion,[8] central to Plaintiffs' claims, and referenced in Plaintiffs' petition.[9] *See, e.g., id.* (considering insurance policy attached to Rule 12(b)(6) motion to dismiss).

The Policy itself confirms that Hudspeath fails to state any plausible claims against USAA CIC. That is because the Policy shows that USAA CIC did not issue it: the homeowners policy special form states "[t]his policy is issued by *Garrison Property and Casualty Insurance Company ("Garrison")*."[10] It also notes that the "policy is a legal contract between *you*, the policyholder, and *us*, the insurer."[11] The policy further specifies that "you" refers to the "named insured" identified on the Policy's Declarations page, and "us" refers to the "Company providing this insurance."[12] And the Policy's Declarations page identifies Sheila Hudspeath as the "named insured" with Garrison listed on the Declaration page's header.[13] When Hurricane Ida made landfall, Hudspeath's property was covered by a homeowners insurance policy issued by Garrison. Therefore, USAA CIC is not Plaintiffs' insurer with respect to the Hurricane Ida property-damage claim that gives rise to Hudspeath's claims.

The fact that the Policy was issued by Garrison—and not USAA CIC—is fatal to Hudspeath's claims against USAA CIC. That is because all of Hudspeath's claims against USAA CIC require a contractual or insurer–insured relationship between Hudspeath and USAA CIC with respect to coverage under the Policy for the

---

[8] ECF No. 8-2.
[9] ECF No. 1-1.
[10] ECF No. 8-2 at 8 (emphasis added).
[11] *Id.* (emphasis added).
[12] *Id.* at 9.
[13] *Id.* at 4.

Hurricane Ida damage to her property.[14] Because the Policy discussed in Hudspeath's petition and central to her claims confirms that there is no such relationship between her and USAA CIC, Hudspeath fails to state plausible claims against USAA CIC.

Accordingly,

**IT IS ORDERED** that Defendant USAA CIC's unopposed motion[15] to dismiss is **GRANTED**. Plaintiff Sheila Hudspeath's claims against Defendant USAA CIC are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 27th day of September, 2024.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[14] Hudspeath's breach-of-contract claim "requires . . . a contractual relationship" with USAA CIC. *Regions Ins., Inc. v. All. CAB Serv., LLC*, 2019-0714, p. 5 (La. App. 4 Cir. 3/4/20); 293 So. 3d 1218, 1222 (internal citation and quotation marks omitted). Hudspeath's bad-faith claims similarly require an insurance contract with USAA CIC, *see* LA. STAT. ANN. § 22:1892(A)(1) (imposing duties on "insurers issuing any type of contract" under which "any claim [is] due any insured"), or an insurer–insured relationship with USAA CIC, *see* LA. STAT. ANN. § 22:1973(A).

[15] ECF No. 8.